IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KARREN EVANS-WILLIAMS** **PLAINTIFF**

v. **CIVIL ACTION NO. 1:23-cv-235-TBM-RPM**

**SUNSTATES MANAGEMENT
CORPORATION** **DEFENDANT**

## ORDER

This matter is before the Court *sua sponte*. Plaintiff Karren Evans-Williams has sued Defendant SunStates Management Corporation, the company that operates the apartment complex where she lives, for breach of contract, alleging violations of various federal statutes, the United States Constitution, and potentially two Acts of Parliament. Because none of these mechanisms provide either a private cause of action or even a federal cause of action, the Court retains no subject matter jurisdiction over this case. Thus, Ms. Evans-Williams' claims are dismissed without prejudice.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Karren Evans-Williams is a tenant at Cypress Lake Apartments, a complex managed by Defendant SunStates Management Corporation. In August 2023, possibly as a way of getting out of a debt she owed, Ms. Evans-Williams appears to have begun using a tactic implemented by other *pro se* plaintiffs across the country of sending nonsensical financial instructions to defendants demanding that they fulfill certain tasks for the *pro se* plaintiffs, allegedly required by the Federal Reserve Act. On August 14, 2023, Ms. Evans-Williams sent SunStates' vice-president, George Sliman, instructions to "apply the principal balance to the principal account 4553356/unit number G23 each and every billing cycle for set-off," and to inform her of the task's completion within five business days, or if not completed, the reason for his "non-performance." [1]-1, p. 22. Ms. Evans-

Williams also provided a copy of Section 16 of the Federal Reserve Act and a copy of a "Durable Power of Attorney." *Id.* at p. 26-32.

On August 23, 2023, Ms. Evans-Williams sent Sliman a second letter, with a copy of Section 29 of the Federal Reserve Act, this time instructing him to "apply principal balance to account 4553356/unit number G23." [1]-1, p. 37. She also demanded he "respond in writing within 5 business days to 1773 Popps Ferry Road #23 Biloxi, MS 39532," giving notice that the instructions were received and applied. *Id.*

On August 24, 2023, Sliman penned the following response to Ms. Evans-Williams:

> We are in receipt of your letters instructing setoff per Sections 16 and 29 of the Federal Reserve Act. It appears that Section 16 addresses the issuance of Federal Reserve Notes and Section 29 describes Civil Money Penalties.
>
> Please note that neither Cypress Lake Apartments nor SunStates Management Corp are member banks or financial institutions. Accordingly, the regulations cited are inapplicable and unrelated to operating and managing multi-family housing.

[1]-1, p. 40.

Still, on August 31, 2023, Ms. Evans-Williams sent a third letter to Sliman, again instructing him to apply the principal balance to her account. [1]-1, p. 43. And to provide evidence within five business days that the instructions have been followed. *Id.*

After no response from Sliman, Ms. Evans-Williams informed SunStates on September 14, 2023, via a fourth letter, of her intention to bring suit for breach of contract, demanding SunStates "fulfill their obligations immediately as per the terms provided in the written instructions." [1]-1, p. 2. In that letter, Ms. Evans-Williams alleged that SunStates ignored clear instructions set forth in the

first three letters,[1] resulting in damages. *Id.* at 1-2. The following day, on September 15, 2023, Ms. Evans-Williams filed a *pro se* suit against SunStates, alleging violations of her rights under of 12 U.S.C. 1431, Sections 16 and 29 of the Federal Reserve Act, the United States Constitution, 18 U.S.C. Section 8, "Bill of Exchange," and the "Cestui que Vie Act/Trust 1666"—with all claims raising federal question jurisdiction under 28 U.S.C. Section 1331. [1], p. 3.

On October 30, 2023, SunStates moved to dismiss [6] Ms. Evans-Williams' Complaint as frivolous under Rule 12(b)(6) for failure to state a plausible claim.[2] [6], p. 1. On November 28, 2023, Ms. Evans-Williams moved to enjoin SunStates from "further dissemination of defamatory statements by the defendant." [14], p. 1. Those statements, allegedly, involved asserting that Ms. Evans-Williams' case "is frivolous, baseless, or without merit." *Id.* Ms. Evans-Williams also moved to Limit or Deny Repetitive Motions to Dismiss by SunStates on December 12, 2023. [17].

Ms. Evans-Williams later moved to amend her Complaint [19] on December 21, 2023, and Deposit a Negotiable Instrument into the Court Registry [28] on May 13, 2024. Following a hearing before United States Magistrate Judge Robert P. Myers, both Motions [19] and [28] were denied on May 23, 2024. [29], [30]. Ms. Evans-Williams has since moved for Review of those Magistrate Judge Orders. [31], [32]. Now before the Court *sua sponte* are questions of jurisdiction. For the reasons

---

[1] Ms. Evans-Williams first alleges that Sliman was sent (1) instructions informing them that the "estate" (the titles, rights, interest, and equity owed to her) belongs to Ms. Evans-Williams, as beneficiary, (2) a Mississippi Power of Attorney, making Sliman aware that she was the beneficiary, (3) the Federal Reserve Act Section 16, specifying the rights of the principal under the United States Constitution, and (4) a "negotiable instrument for payment of the rental" on August 14, 2023. [1]-1, p. 2. Next, Ms. Evans-Williams alleges that Sliman was sent (1) an "opportunity to cure to provide remedy," and (2) the Federal Reserve Act Section 29, "specifying civil penalties" for non-compliance, on August 23, 2023. *Id.* Finally, Ms. Evans-Williams alleges that Sliman was sent (1) a document of "default judgment" to provide remedy, and (2) a second copy of the Federal Reserve Act Section 29. *Id.*

[2] Following SunStates' Reply [9] to Ms. Evans-Williams' Response [8], Ms. Evans-Williams filed an unauthorized Sur-Reply [10]. SunStates has also moved to strike that Sur-Reply [10], considering Ms. Evans-Williams did not receive leave to file it, under Local Uniform Civil Rule 7(b). [11]

discussed below, Ms. Evans-Williams' claims are dismissed without prejudice for lack of subject matter jurisdiction. This case is closed.

## STANDARD OF REVIEW

"Subject-matter jurisdiction is essential for the federal judiciary to hear a case." *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020). Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Because federal courts like this one have limited jurisdiction, a complaint also must contain "clear, distinct, and precise affirmative jurisdictional allegations" to avoid dismissal. *See SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023). A "federal court may raise subject matter jurisdiction *sua sponte*." *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005). As the federal rules prescribe, and courts have held, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235, 163 L.Ed.2d 1097 (2006) (holding that the question of subject matter jurisdiction "may be raised . . . by a court on its own initiative [ ] at any stage in the litigation."); *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (noting "*sua sponte* dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction).

Here, Ms. Evans-Williams invokes federal question jurisdiction under 28 U.S.C. Section 1331. [1], p. 3. A federal court may dismiss a claim invoking federal question jurisdiction under 28 U.S.C. Section 1331 for lack of subject matter jurisdiction only if the claim "is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh*, 546 U.S. at 513 n.10. To strip a district court of subject matter jurisdiction, a plaintiff's federal claim must have no plausible foundation. *Barnett v. Bailey*, 956 F.2d 1036, 1041 (11th

...

Cir. 1992)). Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. *See Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

While pleadings by *pro se* plaintiffs are construed liberally, *see, e.g., Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002), the Court—whether or not faced with a *pro se* plaintiff—"must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). "[C]ourts are not obligated to search out the identity of a party's vaguely-pleaded claims." *Mass v. McDonald's Corp.*, 2004 WL 2624255, at *2 (N.D. Tex. Nov. 12, 2004). Ultimately, "[t]he plaintiff is the master of his own pleadings, and even a *pro se* litigant has the right to plead himself out of court, just as an attorney may do." *Estrada v. Dominguez*, 2001 WL 506982, at *2 (N.D. Tex. May 14, 2001).

**ANALYSIS**

Ms. Evans-Williams has brought breach of contract claims *pro se* against SunStates, alleging violations of Sections 16 and 29 of the Federal Reserve Act, 12 U.S.C. Section 1431, the United States Constitution, 18 U.S.C. Section 8, "Bill of Exchange," and the "Cestui Que Vie Act/Trust 1666." [1], p. 3. For the reasons discussed below, all claims are dismissed for lack of subject matter jurisdiction. After all, "this court is duty-bound to examine its subject-matter jurisdiction *sua sponte*." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017); *see Stephens v. Regal Car Sales & Credit*, No. 21-cv-343-CVE-SH, 2023 WL 2760061, at *3 (N.D. Okla. Mar. 31, 2023)

5

(dismissing *pro se* plaintiff's claims without prejudice *sua sponte* for lack of subject matter jurisdiction and going claim by claim: "Plaintiff cites the FDCPA, the FCRA, TILA, and federal criminal statutes . . . , and the Court will consider whether she has alleged a potentially valid claim under any statute.").

First, Sections 16 and 29 of the Federal Reserve Act, while federal law, do not create a private right of action and thus supply no source for the Court's jurisdiction. "When a private citizen relies on a federal statute as a basis for federal question jurisdiction, that statute must provide a private cause of action, or else a federal court will not have subject matter jurisdiction to hear the dispute." *Lowe v. Viewpoint Bank*, 972 F. Supp. 2d 947, 954 (N.D. Tex. 2013) (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 817, 106 S. Ct. 3229, 3236, 92 L. Ed. 2d 650 (1986)). Courts have held that several sections of the Federal Reserve Act, including Sections 16 and 29, do not create private rights of action. *See Whyte v. Collins*, No. 3:23-cv-1303, 2023 WL 5673121, at *2 (N.D. Tex. Aug. 14, 2023), *report and recommendation* adopted, No. 3:23-cv-1303, 2023 WL 5673450 (N.D. Tex. Sept. 1, 2023) (noting that 12 U.S.C. Section 411 (Section 16 of the Federal Reserve Act) "governs the issuance and redemption of Federal Reserve notes" and "imposes penalties on banks for an array of misconduct," but "the imposition of civil penalties under Section 29 . . . is carried out by federal officials, and private individuals do not have a private right of action to enforce Section 29 of the Federal Reserve Act.").[3] In sum, the Federal Reserve Act does not afford private citizens the right to sue for violations, and so these claims are dismissed without prejudice for lack of subject matter jurisdiction.

---

[3] *See also In re Tipton*, No. 3:22-mc-0004, 2022 WL 1028026, at *2 (S.D. Tex. Apr. 6, 2022) (finding Section 411 "does not provide a private cause of action."; *Escobar v. All. Credit Union*, No. 5:23-cv-125-H-BQ, 2023 WL 8720903, at *5 (N.D. Tex. Nov. 30, 2023), *report and recommendation adopted*, No. 5:23-cv-125-H-BQ, 2023 WL 8720693 (N.D. Tex. Dec. 18, 2023); *White v. Lake Union Ga Partners LLC*, Nos. 1:23-cv-02852-VMC, 1:23-cv-02960-VMC, 1:23-cv-02961-VMC, 1:23-cv-02962-VMC, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023) (finding that "Section 29 of the Federal Reserve Act does not provide [plaintiff] with a cause of action."); and *Murphy v. Cap. One*, No. 4:23-cv-1 120 HEA, 2023 WL 5929340, at *3 (E.D. Mo. Sept. 12, 2023) (dismissing case for lack of subject matter jurisdiction because the plaintiff only alleged that his bank violated Section 16 of the Federal Reserve Act, subjecting them to penalties under Section 29, which is carried out by federal officials, not private individuals).

Second, Ms. Evans-Williams claims she is entitled to relief under 18 U.S.C. Section 8, 12 U.S.C. Section 1431, and potentially two Acts of Parliament of the United Kingdom: The Cestui que Vie Act of 1666 and the "Bill of Exchange." [1], p. 3. None of these provide her with a federal cause of action, providing jurisdiction—whether it be Section 8 or Section 1431,[4] or the Cestui que Vie Act of 1666,[5] or the "Bill of Exchange."[6] Accordingly, these claims are also dismissed without prejudice for lack of subject matter jurisdiction.

Finally, Ms. Evans-Williams, while offering no specifics, alleges violations of the "United States Constitution." [1], p. 3. First, this bald allegation provides no basis for jurisdiction. *See Quinn v. Guerrero*, 863 F.3d 353, 359 (5th Cir. 2017) (holding that plaintiff's vague references to the United

---

[4] *See Barnes v. Santander Consumer USA, Inc.*, No. 3:22-cv-02184, 2023 WL 2585537, at *4 (N.D. Ohio Mar. 21, 2023) ("Plaintiff cites to several statutes that appear irrelevant to the facts alleged in this Complaint," including "12 U.S.C. § 1431 (defining the powers of banks), . . . and 18 U.S.C. § 8 (defining the United States obligations and securities)," but she "fails to allege any facts to suggest how these statutes might apply."); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 1149, 35 L. Ed. 2d 536 (1973) (noting that "18 U.S.C. § 8 . . . does not confer jurisdiction in that it is merely a definitional term" and "even if it were a substantiative provision, a criminal statute generally does not provide the basis for civil liability and a private citizen has no standing to enforce a criminal statute."); *Stephens*, 2023 WL 2760061, at *3 (dismissing *sua sponte* and finding that "Plaintiff has not alleged a colorable claim arising under federal law, and the Court cannot exercise federal question jurisdiction over this case," where plaintiff alleged a 12 U.S.C. Section 1431 violation, but made no specific factual allegations.).

[5] *See Mims v. Bank of Am.*, No. 6:23-cv-581-JDK-JDL, 2023 WL 8804324, at *1 (E.D. Tex. Dec. 20, 2023) (finding that "The Cestui Que Vie Act, a 1666 Act of Parliament, is an English Law that plainly does not provide a basis for federal question jurisdiction."). Moreover, while Ms. Evans-Williams does not expressly state she is a "sovereign citizen," some of her allegations and explanations are demonstrative of her claims being rooted in sovereign citizen ideology. *See Thomas v. Wells Fargo Bank*, No. cv 23-00206-TFM-B, 2024 WL 478068, at *1 (S.D. Ala. Jan. 12, 2024), *report and recommendation adopted*, No. 1:23-cv-206-TFM-B, 2024 WL 474903 (S.D. Ala. Feb. 7, 2024) (commenting that plaintiff "cites the Cestui Que Vie Act of 1666 as basis for federal question jurisdiction and includes a document entitled 'DURABLE POWER OF ATTORNEY' both of which are tied to theories associated with the sovereign citizen movement."). These claims are properly dismissed for lack of subject matter jurisdiction *sua sponte*. *See, e.g., Ammon v. United States*, 142 Fed. Cl. 210, 220 (dismissing sovereign citizen redemption claim *sua sponte* for lack of jurisdiction); *Gravatt v. United States*, 100 Fed. Cl. 279, 285, 288 (2011) (dismissing, *sua sponte*, sovereign citizen claim founded on fictitious trust fund account with the United States Department of the Treasury for lack of jurisdiction).

[6] The Court has been unable identify a federal statute entitled "Bill of Exchange." The British Parliament appears to have adopted a "Bills of Exchange Act" in 1882. But that statute provides no cause of action here. *See Wilson v. Aqua Fin.*, No. CV 3:23-5348-SAL-SVH, 2023 WL 7924150, at *1 (D.S.C. Oct. 26, 2023), *report and recommendation adopted*, No. 3:23-CV-05348-SAL, 2024 WL 1406015 (D.S.C. Apr. 2, 2024) (finding that the plaintiff's reference to "Bills of Exchange Act 1882" did not provide a federal cause of action). Alternatively, there is a Canadian statute called the 'Canada Bills of Exchange Acts," but these do not apply to commercial transactions in the United States. *See Thomas*, 2024 WL 478068, at *7.

7

States Constitution failed to establish federal question jurisdiction under well-pleaded complaint rule); *see also Cevallos v. Silva*, 541 F. App'x 390, 393 (5th Cir. 2013) (finding that a plaintiff's allegations were "too ambiguous to establish federal question jurisdiction definitively" when plaintiff alleged violations of his constitutional rights). Second, even if her claims were privately enforceable, at least as to *her* claims, SunStates is not a state actor constrained by the Constitution. *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191, 109 S. Ct. 454, 461, 102 L. Ed. 2d 469 (1988) (holding that "embedded in our Fourteenth Amendment jurisprudence is a dichotomy between state action, which is subject to scrutiny under the Amendment's Due Process Clause, and private conduct, against which the Amendment affords no shield, no matter how unfair that conduct may be."). Therefore, this claim, too, is dismissed without prejudice for lack of subject matter jurisdiction.

Ms. Evans-Williams' Motions to Review Magistrate Judge Orders [31] and [32] are also denied.[7] First, Ms. Evans-Williams moved for review of United States Magistrate Judge Robert P. Myers' Order denying her Motion to Amend her Complaint [19]. [31]. In that Order [31], Judge Myers notes that at the motion hearing, Plaintiff disavowed her breach of contract claims and proposed an amended complaint that contained no factual allegations to support her claim that the rental payments were unconstitutional or resulted in involuntary servitude. [29], p. 2. Moreover, when questioned by Judge Myers, Ms. Evans-Williams "was unable to offer any factual or legal basis for this claim. Rather, she merely cited to the Federal Reserve Act, but without any explanation as to how the Federal Reserve Act applied to the facts of her case." *Id.* Given Ms. Evans-Williams' "disavowal of her breach of contract claim and given her inability to explain how Defendant's actions constituted involuntary

---

[7] In her Motions [31] and [32], Ms. Evans-Williams refers to the Motions as "motions for reconsideration," but for all the reasons stated, they are still denied.

servitude," Judge Myers denied the Motion [31] as futile because Ms. Evans-Williams "fails to state a claim in the proposed amended complaint." *Id.* The Court agrees and the Motion for Review of Magistrate Judge Order on Motion to Amend/Correct [31] is denied. "It is within district court's discretion to deny motion for leave to amend pleading if amendment would be futile. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863 (5th Cir. 2000) (citing Rule 15(a)).

Second, Ms. Evans-Williams moved for Review of Magistrate Judge Order on Motion to Deposit into Court Registry [32]. In her Motion, Ms. Evans-Williams sought "to deposit proceeds from a 'bill of exchange/certificated security' drawn upon the United States Treasury in the amount of $150,000." [30], p. 1. She contends the purpose of the deposit "is to securely manage and invest the funds as per the court's guidelines and to ensure the proper disbursement of funds as directed by court order." *Id.* In his Order denying that Motion, Judge Myers observed that Ms. Evans-Williams did "not explain why the Court should accept her deposit into the Court registry" and "appears to be under the impression that the deposit should serve as a security or bond but fails to explain why a security or bond is necessary at this stage of the legal proceedings." *Id.* Consequently, Judge Myers denied the Motion [32], finding "no legal or logical reason to accept payment of this dubious financial instrument into the Court registry." *Id.* This Court finds no error and affirms. Ms. Evans-Williams Motion Review of Magistrate Judge Order on Motion to Deposit into Court Registry [32] is denied.

## CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED Plaintiff Karren Evans-Williams' claims are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant SunStates Management Corporation's Motion to Dismiss [6] is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant SunStates Management Corporation's Motion to Strike [11] is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff Karren Evans-Williams' Motion for Injunction [14] is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff Karren Evans-Williams' Motion to Limit or Deny Repetitive Motions to Dismiss [17] is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff Karren Evans-Williams' Motion for Review of Magistrate Judge Order on Motion to Amend/Correct [31] is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff Karren Evans-Williams' Motion for Review of Magistrate Judge Order on Motion to Deposit into Court Registry [32] is DENIED.

This, the 8th day of August, 2024.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE